Nicholas C. Strauss
Plaintiff, *Pro Per*
One Bitterfield Court
Ballwin, MO 63011
702-901-2153
strauss@positive-internet.com



FILED
IN CLERKS OFFICE

2023 JUN 27 PM 1: 41

U.S. DISTRICT COURT
DIST OF

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Nicholas C. Strauss, Ph.D.**<br><br>       Plaintiff,<br><br>v.<br><br>**Mark Geoffrey Vangel, Ph.D.**<br><br>       Defendant. | **Case No.:**<br><br>**COMPLAINT**<br>(Third Amendment, U.S. Constitution)<br><br>**28 USC 1331** |

PLAINTIFF, appearing *pro per*, bring this COMPLAINT against Defendant and alleges as follows:

**JURISDICTION:** This Court has original jurisdiction of the federal claim contained in this Complaint pursuant to 28 USC 1331. Jurisdiction is proper in this court because this civil complaint filed by Plaintiff, concerns the Defendant who has deprived, and is depriving, the Plaintiff's U.S. Constitution Third Amendment rights. Defendant -- a Soldier, is lawlessly quartering in Plaintiff's owned property in Middlesex County, Massachusetts. As the Third Amendment reads, "No Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be prescribed by law." Jurisdiction is also proper due to the supremacy clause of the US Constitution as specified in Article VI clause 2 – The U.S. Constitution constitutes the "supreme Law of the Land". This action was originally filed as a Small Claim with mediation in City of Cambridge, Massachusetts District Court, Middlesex County under November 4, 2022 Docket 2252SC000497 and returned on December 6 as service incomplete because United States Postal Service could not deliver the first class mail to the Defendant's address. Another action was filed as a summary process on April 2023 Docket 2352SU000053 with the Defendant's name misspelled as Vengal. Currently the court has again misspelled the name as Vangal.

**VENUE:** Venue is proper pursuant to 28 U.S.C § 1391 as the Defendant quarters in a property in Middlesex County, Massachusetts.

**PARTIES:**

### Defendant

Defendant's Email: MVANGEL@mgh.harvard.edu Defendant's US Mail address: Mark Geoffrey Vangel Ph.D., c/o Nathalie K. Salomon, Fitch Law Partners LLP, 84 State Street, 11th Floor, Boston Massachusetts 02109.

Defendant worked as a Mathematician for the US Army at the US Army Materials Technology Laboratory, Watertown Massachusetts from 1980-1993. Defendant is a fully vested employee of the US Army. Defendant was granted a PhD in Applied Statistics from Harvard University in 1993. Defendant served on the Executive Board of the US Army Conference on Applied Statistics while employed by US National Institute of Standards (NIST) from 1994-1997. In 2000 Defendant served on the Executive Board of the Conference on Applied Statistics in Defense. Defendant is currently employed by the Massachusetts General Hospital and receives funding under USG grants.

## Plaintiff

Plaintiff's e-mail: strauss@positive-internet.com Plaintiff's US mail address: Nicholas C. Strauss, One Bitterfield Court, Ballwin, MO 63011

On August 31, 2022, Plaintiff was granted emergency authority "necessary to preserve the estate or to secure its proper administration…' – getting signed annual leases and collecting rent -- by the Commonwealth of Massachusetts Middlesex County Probate and Family Court as Special Personal Representative (SPR) of the Estate of Monica M Strauss Docket MI22P4346EA.

He was granted authority by the Commonwealth of Massachusetts Middlesex County Probate and Family Court as Personal Representative (PR) April 5, 2023.

He granted, as the sole devisee, himself ownership of the 48 Reservoir Street property on April 19, 2023. Plaintiff is the owner of the 48 Reservoir Street, Cambridge, Middlesex County, Massachusetts property.

**COMPLAINT**, page 3 of 11

**STATEMENT OF FACT:**

1.

Defendant is quartered at Unit #2, 48 Reservoir Street, Cambridge, Massachusetts. Defendant is not governed properly by the laws of standard lease and tenancy. The Random House Unabridged Second Edition defines to quarter as "to furnish with lodging in a particular place" and also "to impose (soldiers) on persons, towns etc. to be lodged and fed." Plaintiff does not, at this time, admit knowledge of any imposing authority, but solely of the Defendant. Certainly, at this time, no governing authority has sought lawful permission from the Owner, the Plaintiff, for Defendant to Quarter in the Property. Defendant has not signed any lease nor paid any rent.

2.

Plaintiff is the owner of the property 48 Reservoir Street Cambridge Massachusetts Middlesex County. Deed Southern Middlesex Recorded/Registered Land Book 81441 Page 367 recorded April 19, 2023. The said property is Plaintiff's childhood home and Plaintiff was raised in the property and lived there for some years. Property was lawfully inherited by Plaintiff from his sister, with her prenuptial agreement and last will and testament admitted by the Massachusetts Middlesex County Probate and Family Court – Docket MI22P4346EA of the Estate of Monica M Strauss. Her will was admitted, her Personal Representative was appointed, and her brother, Nicholas C. Strauss was named owner of the property.

3.

Defendant is a soldier as stated in Amendment III of the U.S. Constitution – a soldier is a soldier "in time of peace" and in "time of war." The Random House Unabridged Second Edition defines a soldier as "a person who serves in an army." The Oxford Advanced Learner's English

**COMPLAINT**, page 4 of 11

Dictionary defines, "a soldier is a member of an army..."

The Third Amendment is one of the US Constitutions least litigated provisions ("Rambo Cop: Is he a soldier under the Third Amendment" 41 N Ky L Rev 119) and some have called it obsolete (26 Val U L Rev 209 212 (1991)). This amendment is over 200 years old. The Third Amendment was introduced in Congress in 1789 by President James Madison. He spoke on June 8, "No soldier shall in time of peace be quartered in any house without the consent of the owner; nor at any time, but in a manner warranted by law." But it is true that it was one of most central grievances of the 13 Colonies, and especially to those in Massachusetts, in the founding of this great Nation. It addresses the military and the profession of a standing army through unlawful quartering without permission of the property owners.

By their inclusion of the clause "in times of peace", Plaintiff argues that Amendment III encompasses the Defendant, a retired civilian US Army employee.

One may posit that the quartering must done under color of law, be it state or nation. But Amendment III states "but in a manner to be prescribed by law" which admits a reality of unlawful quartering which is not under color of any law — it is lawless. See "The Third Amendment and the Issue of the Maintenance of Standing Armies: A Legal History", Fields and Hardy, Amer. J. Legal History Vol 35, No. 4, Oct 1991.

Plaintiff does not argue for a comprehensive definition of "Soldier", only to plead what is reasonable with respect to this Court's reading of the governing law. Plaintiff argues that the Defendant has served, has been a member, has had a governing role, has been recognized, has been richly paid by, for his contributions to the US Army. Plaintiff argues that Defendant is a Soldier.

Plaintiff argues that Amendment III of the U.S. Constitution obligates the U.S. Government and the U.S. Army to be aware and to be responsible of their special role, and their general impact, in communities in CONUS and in theaters of operation throughout the world – to protect private property and prevent unlawful quartering by employees of the U.S. Army. The Defendant is unlawfully quartering in Plaintiff's house.

4.

Defendant worked as a Mathematician for the U. S. Army for 14 years from 1980-1993. Defendant was employed at U. S. Army Materials Technology Laboratory, Watertown Massachusetts. Known as the Watertown Arsenal, President James Madison established this Laboratory in 1816. The Random House Unabridged Second Edition defines an arsenal as a government establishment where military equipment or munitions are manufactured. The vesting period for civilian employees of the U.S. Army is five years – 5 U.S. Code § 8410 - Eligibility for Annuity. Defendant is a fully vested employee of the U. S. Army.

5.

THEN, the Defendant served on the Executive Board of US Army Conference on Applied Statistics in a.) 1995 Adelphia MD, b.) 1996 Monterey CA, c.) 1998 White Sands Missile Range NM, d.) 1999 West Point NY. Defendant served on the e.) Executive Board of Conference on Applied Statistics in Defense 2000.

Exhibits A and B show the organizations in this Executive Board of this US Army Conference on Applied Statistics. In the third row of the third column of the table in Exhibit B, Mark Vangel (NIST) is written. Organizations listed comprising this Executive Board are Walter Reed Army Institute of Research (WRAIR), Army Research Lab (ARL), Uniformed Services University of Health Sciences (USUHS), Army Infantry School (AIS), US Army Test and Experimentation Command (TEXCOM), US Military Academy (USMA), National Institute of Standards (NIST), White Sands Missile Range (TRAC-WSMR).

**COMPLAINT**, page 6 of 11

6.

NOW, currently, Defendant is funded via USG grants while working at the Massachusetts General Hospital (MGH) with techniques, procedures and specialized knowledge applicable to Public Health, Biostatistics, and Epidemiology. Plaintiff found listed in NIH database: advanced statistical methods: Grant NIMH 5K23MH120348-04 Prinicipal Investigator ELLARD, KRISTEN K Organization: Mass General Hospital. Exhibit C shows the grant with direct 184K$ out of a total 199K$. These skills, techniques, education, training and experience evidence a pattern of a continued uninterrupted career beginning in 1980 and continuing to this day.

In his personal statement, Defendant writes, "I am a statistician with approximately 35 years of collaborative experience in diverse fields."

https://catalyst.harvard.edu/wp-content/uploads/2021/03/Vangel-Mark_Biosketch.pdf

## CLAIMS FOR RELIEF

## REQUEST FOR RELIEF

WHEREFORE, the plaintiff requests:

1. That the United States garnish Defendant's USG grant funding until Defendant ceases his quartering in said property. Defendant shall immediately vacate his quartering in said property, 48 Reservoir Street, Cambridge, Massachusetts Middlesex County.

2. That the United States garnish Defendant's U.S. Army pension and annuity as compensatory damages, including general and special damages, according to proof;

3. Any further relief which the court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: _June 25, 2023_

By: _M. Strauss_  Plaintiff in Pro Per

PRO SE.

**COMPLAINT**, page 7 of 11